IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **HOSIE L. BURGESS,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| V. | ) | Civil No. **06-400-JPG** |
| | ) | |
| **GREG PATTISON,** | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

**PROUD, Magistrate Judge:**

Petitioner Hosie L. Burgess is currently incarcerated in the Illinois Youth Center in Harrisburg, Illinois.  Petitioner was charged (as an adult) with aggravated discharge of a firearm. On March 27, 2006, petitioner, represented by counsel, pleaded guilty and was sentenced to seven years imprisonment.  **(Doc. 1-4, pp. 7-8).**   On May 24, 2006, petitioner, proceeding pro se, filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254.  **(Doc. 1).** Respondent Pattison is now before the Court seeking to dismiss the petition without prejudice due to petitioner's failure to exhaust state court remedies by filing a direct appeal or post-conviction petition.  **(Doc. 13).**  Petitioner responds that he did file an appeal, two or three weeks after he was sentenced.  **(Doc. 16).**

This Report and Recommendation is respectfully submitted to United States District Judge J. Phil Gilbert pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C).

1

**Analysis**

A petitioner must clear two procedural hurdles before the Court may reach the merits of his habeas corpus petition:  exhaustion of remedies and procedural default.  ***Rodriguez v. Peters***, **63 F.3d 546, 555 (7th Cir. 1995).**

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." ***O'Sullivan v. Boerckel***, **526 U.S. 838, 842 (1999);** ***see also*** **28 U.S.C. § 2254(b)(1).**  "[S]tate prisoners must give the state court one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." ***O'Sullivan***, **526 U.S. at 842;** ***see also*** **28 U.S.C. § 2254(c).**  In *O'Sullivan v. Boerckel* the Supreme Court of the United States specifically addressed exhaustion under Illinois' two-tiered appellate process, holding that issues must be raised not only to an intermediate appellate court, but also to the Illinois Supreme Court, which offers discretionary review (except under a limited number of special circumstances, which are not applicable to this case). ***O'Sullivan***, **526 U.S. at 843-846.**  A petitioner cannot be deemed to have exhausted his state court remedies while he still has a right under state law to raise, by any available procedure, the question presented.  **28 U.S.C. § 2254(c).**

Petitioner asserts that he did file a direct appeal just weeks after his March 7, 2006, sentencing.  Petitioner filed the subject petition for writ of habeas corpus on May 24, 2006– less than three months after he was sentenced.  There is no evidence that the direct appeal has been completed, that post-conviction remedies have been attempted, or that petitioner is time barred from further pursuing the alleged constitutional errors in a state post-conviction proceedings. ***See*** **ILCS S.Ct.R. 604(d) (appeal from a negotiated guilty plea must be within 30 days);**

2

**ILCS S.Ct.R. 606(b) (general time for appeal is 30 days from entry of judgment or disposal of any motion directed against he judgment);  725 ILCS 5/122-1(c) (if no direct appeal is filed, a post-conviction petition must be filed no later than 3 years from the date of conviction).**  Therefore, it appears that petitioner has not exhausted all available state remedies, and avenues for relief remain open to him, particularly in light of allegations that he was denied effective assistance of counsel at trial and in perfecting his direct appeal.  ***See Moore v. Mote*, 368 F.3d 754, 755 (7th Cir. 2004) (dismissal without prejudice is appropriate when state post-conviction proceedings are pending); *but see Dolis v. Chambers*, 454 F.3d 721, (7th Cir. 2006)(if the statute of limitations for a federal habeas petition (28 U.S.C. § 2244(d)(1)A) has run out, stay and abeyance may be used to allow claims to be exhausted in the state system, without running the risk of falling beyond the federal statute of limitations).**

Petitioner's response can be construed as requesting additional time in the form of a stay. However, in light of his assertion that his appeal is pending and apparent avenues for relief remain open, a stay does not appear warranted.  In the event additional information becomes available to the Court indicating that petitioner's avenues for relief in the state court system are foreclosed, the Court will have to assess whether a stay and abeyance is appropriate.

In *Rhines v. Weber,* 544 U.S. 269 (2005), the Supreme Court acknowledged the tension between the one year federal statute of limitations and total exhaustion requirement, and possibly different state time frames for exhaustion.  The high court concluded that a federal district court has discretion to use a stay and abeyance procedure to stay a mixed petition to allow presentment of unexhausted claims to the state court in the first instance, and then to return to federal court for review of a perfected habeas petition.  ***Id.* at 271-272.**  However, because of the potential to

3

undermine the twin purposes of the federal habeas scheme– to encourage finality by requiring prompt resolution of federal habeas corpus petitions and to streamline the process by requiring total exhaustion of state court remedies prior to the federal action– the district court must decide whether the petitioner had good cause for his failure to exhaust all claims and whether the unexhausted claims have some possible merit. *Id.* at 277-278. At this juncture, petitioner has not presented good cause for staying the instant petition.

## Recommendation

Fore the aforestated reasons, it is this Court's recommendation that respondent's motion to dismiss the petition without prejudice due to petitioner's failure to exhaust state court remedies by filing a direct appeal or post-conviction petition **(Doc. 13)** be granted.

**DATED:  August 2, 2007**

**s/ Clifford J. Proud_____**
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**

## Notice of Response Deadline

In accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 6(e), the parties shall file any objections to this report and recommendation on or before **August 20, 2007**.